Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered March 19, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We conclude that County Court properly denied defendant’s motion to suppress evidence seized from defendant’s home pursu *1281 ant to a search warrant. Contrary to defendant’s contention, the in camera testimony of the confidential informant at the Darden hearing established that the confidential informant existed and imparted to the police the information referred to in the search warrant application (see People v Brown [appeal No. 1], 93 AD3d 1231, 1231 [2012], lv denied 19 NY3d 958 [2012]; see generally People v Darden, 34 NY2d 177, 181-182 [1974], rearg denied 34 NY2d 995 [1974]). We therefore conclude that the informant’s testimony allayed any concerns that the informant “might have been wholly imaginary and the communication from him entirely fabricated” (Darden, 34 NY2d at 182; see People v Edwards, 95 NY2d 486, 494 [2000]). Contrary to defendant’s further contention, we conclude that the warrant application was facially sufficient inasmuch as the supporting affidavit established that the informant was reliable and had a basis of knowledge for the information imparted to the police (see generally People v Flowers, 59 AD3d 1141, 1142-1143 [2009]; People v Hernandez, 262 AD2d 1032, 1032 [1999], lv denied 94 NY2d 863 [1999]; People v Perron, 248 AD2d 962, 963 [1998], lv denied 92 NY2d 879 [1998]). Finally, the sentence is not unduly harsh or severe.
Present — Whalen, P.J., Centra, NeMoyer, Troutman and Scudder, JJ.